[3. The burden of proof is on the petitioner to show justification for the act under the seventh section, and this he must fully and affirmatively do before the court can take jurisdiction to discharge him.]

[A prosecution for murder, in the criminal court of Baltimore city, was commenced against George M. Carson, customs inspector for the Baltimore district; and on November 6, 1873, he filed a petition for a writ of habeas corpus, and for removal of the cause to the circuit court. The petition set forth that he was an officer of the United States, and that the offense with which he stood charged was done under color of the revenue laws of the United States, within the meaning of the act of March 2, 1833, § 3; 4 Stat. 633.

[There was a motion to dismiss the petition and remand the cause for want of jurisdiction.]

A. Stirling, Jr., Dist. Atty., for petitioner.
A. Geo. Knott, for state of Maryland.

BOND, Circuit Judge. We are of the opinion after consideration of the arguments presented in this cause that the third section of the act of congress of 1833, under which this petition is filed, is not applicable to criminal indictments. We are of opinion that the petitioner must file his petition under the seventh section of the act, alleging the fact that the act for which he is prosecuted and indicted was done in his capacity as an officer of the United States, and in pursuance of his duty as such, and in execution of the power with which he was clothed. Upon consideration of such petition, and proof of the facts alleged, the court would discharge the party, and, if satisfied the facts were not proven as alleged, would remand the prisoner to the state court for trial. This petition is not filed under the seventh, but under the third, section of the act of 1833; and, as we are of the opinion that this section applies only to civil causes, it must be dismissed and the cause remanded.

[A second petition, filed January 7, 1874, sought relief under the seventh section of the act of March 2, 1833. A writ of habeas corpus was granted, and on the return thereof the following opinion was delivered:]

BOND, Circuit Judge. From a consideration of the facts and the arguments of counsel in this case, while I am of opinion that the homicide for which this petitioner is in custody was accidental, yet, as the burden of proof in support of the facts alleged in his petition is upon the prisoner to show that justification which is contemplated by the seventh section of the act of 1833, I cannot satisfy myself that he has fully and affirmatively done so. This he must do before I have jurisdiction to discharge him, and I can only therefore now dismiss the petition.

## Case No. 2,460.

In re CARSON.

[5 Ben. 277;[1] 5 N. B. R. 290.]

District Court, S. D. New York. July, 1871.

BANKRUPTCY—CREDITOR BROUGHT IN AFTER FIRST MEETING—ASSIGNEE.

Where, after an assignee has been appointed, a creditor is added by an amendment of the bankrupt's schedules, no new meeting of creditors or choice of assignee is necessary. The creditor, when brought in, should be notified of the proceedings, and may petition the court for a removal of the assignee chosen if he has cause to do so.

[On certificate of register in bankruptcy.]

In this case an assignee was chosen on the 3d of March, 1871, and an assignment was executed on the 10th of March. On the 4th of April [James Carson] the bankrupt prayed leave to amend his schedules by adding the name of a creditor. Leave was granted, and on the 19th of April an amended schedule was filed. The register, on request of the bankrupt, certified to the court the question whether it became necessary to have a new meeting of creditors for the choice of an assignee. The register gave it as his opinion that it was not necessary to have a new meeting, or a new choice of assignee; that the creditor should be notified of the proceedings, and notified to prove his claim, if he desired; and that if he proved his claim he would have the right to petition the court for the removal of the assignee, if he desired.

BLATCHFORD, District Judge. I concur in the views of the register.

## Case No. 2,461.

In re CARSON et al.

[2 N. B. R. 107 (Quarto, 41).][2]

District Court, S. D. New York. Sept. 22, 1868.

BANKRUPTCY — EXAMINATION OF BANKRUPT AS TO HIS PROPERTY.

1. Questions 67, 99, 229, 264, 265, 267, 268, 272, 273 and 274 are proper and relevant. Question 41 improper and irrelevant.

[2. Cited in Re Dole, Case No. 3,965, to the point that, on an examination in bankruptcy, questions are proper which may elicit answers tending to show that the bankrupt owned or had an interest in property at the time the petition was filed.]

[On certificate of register in bankruptcy.]

The undersigned register in bankruptcy having in charge the proceedings in this bankruptcy, hereby certifies that Melvin Hard, one of the bankrupts above named, was examined on oath, before the undersigned, and that his examination is set forth

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]
[2] [Reprinted by permission.]